**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 11-C-3833 |
| Pita Inn, Inc. d/b/a Pita Inn, | ) |
| | ) Judge Chang |
| Defendant. | ) |
| | ) Magistrate Judge Nolan |

**MOTION TO SET SETTLEMENT CONFERENCE**

NOW COMES Defendant, Pita Inn, Inc. d/b/a Pita Inn ("Pita Inn"), by and throught its undersigned counsel, and pursuant to FRCP 1, 16(b)(3)(vi) and 16(c)(2)(I) & (P), moves for the entry of a minute order setting this case for a settlement conference, and in support states as follows:

1. Defendant Pita Inn is a small Chicago based restaurant, which maintains 3 stores in Skokie, Wheeling and Glenview. *See* www.pita-inn.com.[1]

2. Plaintiff claims that Pita Inn violated the Fair Credit Transactions Act of 2003 and its Clarification Act of 2008 ("FACTA") because it provided her with a receipt that contained the expiration date of her credit card. Dkt. 9, Amended Complaint ("AC"), ¶ 1. Significantly, Plaintiff does not allege that Pita Inn failed to properly truncate her credit card number. Logic would dictate that if a business is complying with one aspect of the law, it would not willfully violation another provision. The only logical explanation is a temporary (and negligent) programming error. To suggest otherwise is ludicrous – why would any business willfully

---

[1] Pita Inn does not have insurance coverage. *See* Rule 26 disclosure (Exhibit A).

ignore a statute that could bankrupt it? What, if anything, would a business have to gain by ignoring one part of a two part statute?

3. Plaintiff has not claimed any actual damages as a result of the alleged violation of FACTA. Accordingly, she must first properly allege that Pita Inn willfully violated FACTA in order to claim statutory damages of up to $1,000 per violation. Pita Inn has argued in its Motion to Dismiss that AC should be dismissed because Plaintiff relies on nothing more than mere speculation which falls far short of willful conduct. In summary, Plaintiff generally alleges that the credit card industry warned businesses of the need to comply with FACTA, and speculates that Pita Inn *should have known* about FACTA. Plaintiff does not allege any facts which demonstrate that Pita Inn actually know of FACTA's truncation or expiration data requirements

4. Plaintiff's proposed class action involves 38,000 allegedly non-complainant receipts. *See* AC, Paragraph 41. If the class asks for statutory damages, the award would be monstrous. At $1,000 per violation, Pita in would be subject to $38,000,000 in liability. Even at $100 per violation, an award would amount to $3,800,000.

5. Pita Inn does not have insurance coverage for this claim. *See* Exhibit A (Rule 26 disclosure). In light of the lack of insurance coverage, prior to filing its Motion to Dismiss, Pita Inn made a partial cost of defense individual settlement offer which included an offer to pay reasonable attorney's fees. Plaintiff's counsel responded to Pita Inn's offer as follows:

6. Plaintiff's Motion to Strike (dkt. 37, p. 2), appears to suggest that Pita Inn may have enough money to absorb a class action award because it *once offered* to settle this case:

> Furthermore, without out discovery it is unknown that Pita Inn could not pay a minimum 3.8 million dollar judgment; if it later determined that it willfully printed expiration dates on 38,000 receipts. Pita Inn clearly money as demonstrated by its July 15, 2011 settlement offer of $20,000 (twenty thousand dollar) to Plaintiff plus reasonable attorney's fees and costs.

130158156v1 0925504 76518

7. Plaintiff's argument is wishful thinking. Common sense should prevail. It is well known that restaurants operate on thin profit margins. In order to satisfy such a judgment, Pita Inn would be required to sell *millions* of falafel sandwiches at a price of $3.59. *See*, http://www.pita-inn.com/menu.php. To the extent that Plaintiff is looking for an rich target to pay her attorneys' fees and to pay off a class of people who have suffered *no injuries*, she should look elsewhere.

8. While Plaintiff has placed Pita Inn's offer into the record, she neglected to place her attorney's response into the record. In response to Defendant's offer, Plaintiff's counsel stated the following:

> Plaintiff counsel called Defendant's counsel and informed him that if Defendant wanted Plaintiff to seriously consider a bribe, *Defendant needed to add another zero to the offer*. Plaintiff's counsel then promptly rejected the $20,000 offer on behalf of Plaintiff and informed Defense counsel that Plaintiff would not make an individual counter demand. Plaintiff's counsel suggested that Defense counsel go back to Defendant and find out how much it would be willing to settle this matter on a class basis.

*See* Exhibit B, Plaintiff's draft of status report to court, p. 4 (emphasis supplied). Plaintiff's take-it-or-leave-it approach (insisting on only a class based settlement), ignores the fact that an individual settlement could be appropriate where the circumstances of this case do not support a finding of willfulness. For example, if Pita Inn prevails at summary judgment, Plaintiff would be required to pay certain costs associated with summary judgment. Additionally, the Supreme Court has recently granted cert in a case from the Ninth Circuit where a defendant has argued that a consumer class action case should have been dismissed for lack of Article III standing where the plaintiff had failed to allege any actual damages. *See* Exhibit C, *First American Fin. Corp. v. Edwards*, 10-708 (brief of petitioners, filed on August 22, 2011, pp. 12-44). While Plaintiff will likely cite to Judge Guzman's Opinion in *Mitchem v. Illinois Collection Service,*

*Inc.* 09-cv-7274 (N.D. Ill. N.D. August 29, 2010) (attached as Exhibit D), it is significant to note that the Supreme Court granted cert from a Ninth Circuit decision which *denied* the defendant's Article III standing argument. In other words, the pending issue before the Supreme Court is akin to taking an appeal from Judge Guzman's order. While Pita Inn believes that is should file a motion to dismiss pursuant to lack of Article III standing should the present motion to dismiss be denied, in the interest of judicial economy, it believes that a settlement conference is more appropriate at this time. To the extent the parties cannot settle, Pita Inn will raise and Article III motion or move to stay this case until such time as the Supreme Court rules on the *Edwards* case.

9. Plaintiff's citation to *Murray v. GMAC Mortg. Corp.,* 434 F.3d 948, 954 (7th Cir. 2006) in her motion to strike (dkt. 37), missed the mark by a mile. First, *Murray* did not hold, as Plaintiff suggests, that courts should never consider the severity of the impact that a case may have on a company when considering whether a plaintiff has satisfied the applicable pleading standard. Here, Pita Inn has simply asked this Court to pay close attention to the allegations to preclude Plaintiff from opening the door to a class action which would bankrupt Pita Inn. Second, in the interests of justice, consistent with FRCP 1, 16(b)(3)(vi) and 16(c)(2)(I) & (P), Pita Inn submits that a small company should always have the right to ask a court to order parties to enter into settlement negotiations with the assistance a magistrate judge (or this Court).

WHEREFORE, for the above reasons, Defendant Pita Inn respectfully requests that this Honorable Court enter a minute order setting this case for a settlement conference with the assigned magistrate judge or this Court.

>Respectfully submitted,
>
>By: s/James C. Vlahakis
>James C. Vlahakis
>Attorney for Defendant
>HINSHAW & CULBERTSON LLP
>222 North LaSalle, Suite 300
>Chicago, IL 60601-1081
>tel: 312-704-3000
>fax: 312-704-3001
>jvlahakis@hinshawlaw.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2011, I electronically filed the above notice of motion with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

          By: s/James C. Vlahakis
          James C. Vlahakis
          Attorney for Defendant
          HINSHAW & CULBERTSON LLP
          222 North LaSalle, Suite 300
          Chicago, IL 60601-1081
          tel: 312-704-3000
          fax: 312-704-3001
          jvlahakis@hinshawlaw.com

130158156v1 0925504 76518