IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) ) | 11 C 3833 |
| v. | ) ) ) | Magistrate Judge Nolan |
| PITA INN, INC., d/b/a PITA INN, | ) ) | |
| Defendant. | ) | |

**JOINT MOTION FOR PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

NOW COMES Plaintiff Loidy Tang ("Plaintiff") and Pita Inn, Inc., ("Defendant") collectively (the "Parties") by and through their counsel and jointly motions this Honorable Court to preliminarily approve the Parties' settlement on a class action basis.

In support of this motion, the parties state:

1.  This matter was brought by Plaintiff, individually and on behalf of a class of persons defined in the Complaint as Amended, alleging that Defendant had willfully violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. §1681c(g) in that Plaintiff received from Defendant a printed computer-generated receipt at the point of sales or transaction which displayed Plaintiff's credit card's expiration date after the truncation requirements were received by, known or should have been known by Defendant.

2. Plaintiff sought statutory damages in the amount of $100 to $1,000 per willful violation. Plaintiff did not seek any actual damages beyond the amount provided as statutory damages.

3. Defendant owns and operates three locations in the greater Chicago area. The amount of damages that Plaintiff and the class sought if Defendant would have been found to have willfully violated the FCRA would be ruinous to the company.

4. Defendant denies liability to Plaintiff and the class for the claims alleged herein but considers it desirable that the action and the claims alleged therein be settled.

5. The parties desire to settle the action based upon the terms and conditions set forth in the Class Settlement Agreement executed by the Parties, attached hereto as Appendix A.

6. For settlement purposes only, the Parties have stipulated to the certification of a class defined as:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

7. For settlement purposes only the class as defined above meets all the requirements of Rule 23. Specifically:

(a) Class members are ascertainable and so numerous that joinder of all members is impracticable. Defendant has confirmed that there are over 118,000 class members;

(b) There are questions of law or fact common to the Class, and there is a well-defined community of interest among Class members with respect to the subject

2

matter of the Litigation;

(c) The claims of Plaintiff are typical of the claims of Class members;

(d) Plaintiff has fairly and adequately protected the interests of the Class

(e) A class action is superior to other available methods for an efficient adjudication of this controversy; and

(f) The law firm of Warner Law Firm, LLC is qualified to serve as counsel for the Class.

8. Counsel for Plaintiff and Defendant have reviewed and analyzed the legal and factual issues presented in this action, the risks and expense involved in pursuing the litigation to conclusion, the likelihood of recovering damages in excess of those obtained through this settlement, the protracted nature of the litigation and the likelihood, costs and possible outcome of one or more procedural and substantive appeals. Based on their review and analysis, Plaintiffs and Defendant entered into the Class Settlement Agreement.

9. Pursuant to the Class Settlement Agreement, Defendant has agreed to the settlement of this action on the material terms as follows:

(a) Relief to Members of the Class: Defendant shall establish a class settlement fund of forty thousand dollars ($40,000) to pay the claims made by class members, subject to a pro-rata distribution. No class member shall be entitled to more than $40 from the settlement fund. Any monies not claimed by the class members shall revert back to Defendant;

(b) Relief to the Named Plaintiff: Subject to Court approval, Defendant shall pay Plaintiff two thousand five hundred dollars ($2,500) as her statutory damages

and as an incentive award as serving as the class representative;

(c) Attorney's Fees: Subject to Court approval, Defendant shall pay Warner Law Firm, LLC, sixteen thousand five hundred dollars ($16,500) as attorney's fees and costs;

(d) As a *cy pres* award Defendant shall pay $5,000 to the Greater Chicago Food Depository; and

(e) Defendant shall pay for all costs of notice and administration of the settlement.

10. Defendant has also agreed to pay Joe Kean Tang Rincon, a person who was not named in the lawsuit but who received a non-FACTA compliant receipt, five hundred dollars ($500).

11. Because the Parties do not know the identity of each class member, notice shall be given to the class members and as follows:

a. Notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published within twenty-eight (28) days from the entry of a Preliminary Approval Order as an one-eighth (1/8) page advertisement two times in the Red Eye, a Tribune Company Publication;

b. Within twenty-eight (28) days from the entry of a Preliminary Approval Order, Defendant shall post substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement at each customer's table and at each point of sales terminals at all of Defendant's locations. The notice shall remain posted up to and including seventy-three days from the entry of the Preliminary Approval Order;

c. Within twenty-eight (28) days after the entry of a Preliminary Approval Order, notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published on Defendant's website at www.pita-inn.com. The notice shall remain posted up to and including seventy-three days from the entry the Preliminary Approval Order.

12. Additionally, within twenty-eight (28) days after the entry of a Preliminary Approval Order, the Full Class Notice, Exhibit 3, of the Parties' settlement Agreement shall be made available upon request from all of Defendant's store locations and the class administrator. The notices shall remain available up to and including seventy-three days from the entry of the Preliminary Approval Order; and

13. Finally, within twenty-eight (28) days after the entry of a Preliminary Approval Order, the Claim Form, Exhibit 2, of the Parties' settlement Agreement shall be made available upon request at all of Defendant's locations. The Claim Form shall remain available up to and including seventy-three days from the entry of the Preliminary Approval Order.

14. Plaintiff and counsel for Plaintiffs and the proposed class believe that the settlement of this action on the terms and conditions set forth in the Class Settlement Agreement is fair, reasonable and adequate, and would be in the best interests of the members of the Class.

WHEREFORE, Plaintiff and Defendant respectfully request that this Court to a Order Preliminarily Approving the Class Action Settlement which:

(i) Grants preliminary approval of the purposed settlement;

(ii) Directs the publication of the agreed upon notice, subject to any modification

deemed necessary by the Court;

    (iii)    Appoints Warner Law Firm, LLC as class counsel and Plaintiff as the class representative;

    (iv)    Sets dates for opt outs and objections; and

    (v)    Schedules a hearing for final approval of the class settlement.

                Respectfully submitted,

| | |
|---|---|
| s/ Curtis C. Warner | s/ James C. Vlahakis |
|    Curtis C. Warner |    James C. Vlahakis |
| | |
| Curtis C. Warner | James C. Vlahakis |
| cwarner@warnerlawllc.com | jvlahakis@hinsawlaw.com |
| Warner Law Firm, LLC | HINSHAW & CULBERTSON, LLP |
| 155 N. Michigan Ave. Ste. 560 | 222 N. LaSalle St., Ste 300 |
| Chicago, Illinois 60601 | Chicago, Illinois 60601 |
| (312) 238-9820 (TEL) | (312) 704-3715 (TEL) |
| *Counsel for Plaintiff* | *Counsel for Defendant* |