# APPENDIX A

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | 11 C 3833 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) | |
| | ) | |
| PITA INN, INC., d/b/a PITA INN, | ) | |
| | ) | |
| Defendant. | ) | |

**CLASS SETTLEMENT AGREEMENT RECITALS**

1. **Parties.** This Class Settlement Agreement ("Settlement Agreement") is entered into between Plaintiff Loidy Tang ("Plaintiff" or "Class Representative"), on behalf of herself and each of the Class Members as defined herein, Joe Kean Tang Rincon (a person who was not named as a plaintiff in the complaint but who received a non-FACTA complaint receipt) and Pita Inn, Inc., d/b/a Pita Inn, as well as their associated businesses, including their insureds, agents, principals, partners, managers and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest ("Defendant" or "Pita Inn"). Plaintiff and Defendant are collectively referenced as the "Parties."

2. **Nature of the Litigation.** Plaintiff filed the above Lawsuit, as amended, on behalf of herself and a Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. §1681c(g) in that Plaintiff received from Defendant a printed computer-generated receipt at the point of sales or transaction which displayed Plaintiff's credit card's expiration date after the truncation requirements were received by, known or should have been known by Defendant. Plaintiff sought to recover statutory damages in an amount of $100 to $1,000 per willful violation for herself and for each person who used a Discover Bank Card or Harris Bank Card and who was provided a printed non-FACTA compliant receipt from a time period beginning two years from the filing of this complaint (June 6, 2009) until Defendant stopped printing receipts that displayed the cardholder's card's expiration date , until Defendant stopped printing non-FACTA compliant receipts at any of Defendant's places of business (on or about June 13, 2011). Plaintiff did not seek any actual damages for herself or for the Class. Defendant denies that it willfully violated the FACTA, and it denies that Plaintiff and the Class Members

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

are entitled to any damages. Defendant denies that a class should be certified under the Federal Rules of Civil Procedure.

3. **Certification of Class for Settlement Purposes.** The Parties agree to request the Court to certify a class for settlement purposes only (the "Class") consisting of:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

Defendant estimates that during this time period there were approximately 118,000 transactions with cardholders during the settlement class time period.

4. **Class Counsel.** In this Settlement Agreement, "Class Counsel" shall refer to Warner Law Firm, LLC. Defendant will not oppose the appointment of Curtis C. Warner of Warner Law Firm, LLC, as Class Counsel, or Plaintiff as the Class Representative.

5. **Risks to Plaintiff and the Class Members.** Plaintiff has not alleged the existence of any actual damages resulting from Defendant's alleged conduct. To prevail on their claim, Plaintiff must establish that Defendant willfully violated the FACTA. Defendant contends that it did not act willfully. After considering the benefits that the Class will receive under this Settlement Agreement, the fact that Defendant will vigorously opposed class certification and has opposed the claims asserted in the Lawsuit filing a motion to dismiss, the attendant risks, uncertainties and delays of litigation Plaintiff and Class Counsel have concluded that it is fair, equitable and in the best interests of Plaintiff and the Class to resolve the Lawsuit upon the terms and conditions provided for in this Settlement Agreement.

6. **This Matter was Settled Through A Settlement Conference before the Magistrate Judge.** The parties submit that the settlement amounts below are a fair and reasonable settlement and were agreed to through arms length negotiations at a settlement conference held on November 3, 2011, before Magistrate Judge Nolan.

7. **Risks to Defendant.** Defendant has vigorously denied, and continues to deny: (1) all liability with respect to any and all of the facts or claims alleged in the Lawsuit; (2) that it engaged in any wrongdoing; (3) that it acted improperly in any way; (4) any liability to Plaintiff and/or any Class Member, in the cases against Defendant; and (5) opposed Plaintiff's Amended Complaint; and (6) will oppose the filed class certification motion. Defendant nevertheless desires to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the Lawsuit, and for the purpose of putting to rest all controversies among the Parties.

8. **Liability.** Defendant continues to deny that it has committed any wrongdoing as

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

alleged by the Plaintiff. In no event is this Settlement Agreement to be construed as, or is to be deemed evidence of, an admission or concession on the part of Defendant with respect to: any claim by Plaintiff and the Class; any fault, liability, wrongdoing or damage; the merits of any defenses that Defendant has asserted; or the propriety of certification of the Class if the Lawsuit was to be litigated rather than settled.

### TERMS

9. **Effective Date.** This Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the expiration of 35 (thirty-five) days after the date upon which the entry of Court's final order, judgment, or decree approving this Settlement Agreement as fair, reasonable and adequate to the Class, thereby rendering the final approval order as being a final and non-appealable order, or if an appeal has been sought, the expiration of 5 (five) days after the disposition of any such appeal from any such final order, judgment and decree, which disposition approves the Court's final order, judgment and decree, and allows for consummation of the Settlement in accordance with the terms and provisions of this Settlement Agreement.

10. **Economic Relief.**

a.      Defendant shall establish a $40,000 cash fund (forty thousand dollars) (as the "Class Settlement Fund") to pay for all claims of the class members.  Each class member who submits a claim will be entitled to a *pro rata* share of the fund up to $40.00 (forty dollars).  Any unclaimed funds from the Class Settlement Fund shall revert to the Defendant;

b.      Separate from the Class Settlement Fund, Defendant shall pay the costs of notice and administration.  The costs of notice shall be paid by Defendant in the manner and time set forth in Section 11(a);

c.      Separate from the Class Settlement Fund, Defendant shall pay Plaintiff $2,500 (two thousand five hundred dollars), as her damages and as an incentive award. Defendant shall not oppose the payment of this amount.  The amount of Plaintiff's award is subject to Court approval;

d.      Separate from the Class Settlement Fund, Defendant shall pay Joe Kean Tang Rincon $500 (five hundred dollars), for his damages;

e.      Separate from the Class Settlement Fund, Defendant shall pay Warner Law firm, LLC $16,500 (sixteen thousand five hundred dollars) as attorney's fees and costs.  Defendant shall not oppose the payment of this amount.  The amount of attorney's fees and costs are subject to court approval;

f.      Separate from the Class Settlement Fund, Defendant shall pay $5,000 to the Greater Chicago Food Depository as a *cy pres* award.

11. **Releases.** The releases below are conditioned upon the approval of the Agreement by the Court and Defendant meeting its obligations herein.  If this Agreement is not approved by the Court or for any reason does not become effective, it shall be deemed null and void and shall be without prejudice to the rights of the parties hereto and shall not be used in any subsequent proceedings in this or any other litigation, or in any manner whatsoever.

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

**(a).** **Plaintiff and Joe Kean Tang Rincon.** In accordance with the provisions of the Final Approval Order defined in Section 17 below, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date, Plaintiff and Joe Kean Tang Rincon shall be deemed to have, and by operation of the Final Approval Order defined in Section 18 below shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiff named in paragraph 1 hereinabove and their associated businesses, including their insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing the cardholder's account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction between February 1, 2011 to June 13, 2011 (collectively, "Released Claims").

**(b)** **Class Members**. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims for the payment of attorney's fees and costs relating to the publication of cardholder account information on a receipt provided to the cardholder at the point of sale or transaction between February 1, 2011 to June 13, 2011, that could have been asserted in the Lawsuit under the facts alleged in the Lawsuit. .

12. **Distribution of the Settlement Amounts and Payment Requirements.** Within 14 (fourteen) days following the "Effective Date" Defendant shall: (a) cause checks to be sent to each class member who submitted a claim; (b) send Plaintiff's counsel a check in the total amount of $19,500 (nineteen thousand five hundred dollars) representing the amounts agreed to in paragraph 10 sections c, d, and e above. Payment shall be made to "Warner Law Firm, LLC - IOLTA" and shall be sent via next day delivery with either FedEx or UPS, or may be sent by a bonded messenger; and (c) send the Greater Chicago Food Depository the amount in paragraph 10f above. Defendant is to file a certificate of service with the Court of the distribution of the Class Settlement Fund and the check sent to the Greater Chicago Food Depository.

(a) **Notice Costs and Administration Costs.** Within 14 (fourteen) days after the Court Granting Preliminary Approval of the Class Action Settlement, Defendant shall enter into a separate contract with the Red Eye, a Tribune company, to cause Notice by Publication (the "Publication Agreement."). The costs of the Notice by Publication shall be paid by Defendant separately from the other amounts Defendant has agreed to pay. Defendant shall provide Plaintiff's counsel a copy of each of the two publications within

14 (fourteen) days of being printed. Defendant shall pay for the printing and placement of the required summary notice that is to be placed on every customer table and every point of sales terminal at all of Defendant's locations. Defendant shall pay for the printing of the full notice and for all costs of administrating the Agreement. Defendant shall provide Plaintiff's counsel a list of the names of the persons who make timely claims.

(b) **Damage and Incentive Payment to the Class Representative.** Plaintiff will request, and Defendant will not oppose the request, that the Court approve an award of $2,500.00 (two thousand five hundred dollars) in total to Plaintiff for her damages arising from his transaction with Defendant and as her role as the Class Representative.

(c) **Attorneys' Fees and Costs.** Class Counsel will request, and Defendant will not oppose the request, that the Court award Class Counsel $16,500 (sixteen thousand five hundred dollars). Plaintiff, Class Members, and Defendant are to bear their own costs and attorneys' fees, other than those specified in this Agreement.

(d) **Distribution to Class Members.** Each settlement class member who submits either the original or copy of a receipt that contains the cardholder's card's expiration date or a copy of their debit or credit card statement demonstrating that they made a purchase at one of Defendant's locations during the class time period, that being February 1, 2011 to June 13, 2011, (a "Claimant") is entitled to the payment from the Settlement Fund of $40 (forty dollars). This amount is subject to a *pro rata* distribution based upon the number of claims made. Defendant shall cause the settlement payments to each Claimant, (the "Settlement Checks") to be issued no later than fourteen (14) days from the Effective Date. Settlement Checks shall expire and be void if not cashed, or if they are undeliverable, within forty-five (45) days of the date of issue. Any unclaimed settlement funds will revert to Defendant.

13. **Notice.** Notice by Publication to the Class, the ("Class Notice"), shall be as follows:

(a) Notice substantially in the form of **Exhibit 1** shall be placed at each customer's table and at each point of sales terminal at all of Defendant's places of operation within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court. Each of Defendant's stores shall have claim forms in substantially the form of **Exhibit 2;**

(b) Notice substantially in the form of **Exhibit 1** shall be published two (2) times in the Red Eye within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court;

(c) Within twenty-eight (28) days after the date on which the Preliminary Approval Order Notice substantially in the form of **Exhibit 1** shall be published on Defendant's website www.pita-inn.com of which a person can print a claim form in the substantially the form of **Exhibit 2;** and

(d) Defendant shall provide a copy of the full notice, **Exhibit 3,** upon request at all of its store locations.

## 14. Exclusions From And Objections To Settlement.

(a) **Opt-Out Date** The "Opt-Out Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order.

(b) **Requests for Exclusions** The "Requests for Exclusions Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order. Each Class Member who wishes to be excluded from the Settlement must mail or otherwise deliver to the Administrator, or counsel for the Parties, or the Court, an appropriate written request for exclusion, including his or her name, address, that is personally signed by the Class Member or his or her attorney, which request must be postmarked on or before the Opt-Out Date and actually received by counsel for the Parties not later than five (5) business days after the Opt-Out Date. No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class. The original requests for exclusion shall be filed with the Court not later than fourteen (14) days after the Opt-Out Date. Copies of requests for exclusion will be exchanged with Class Counsel and counsel for Defendant not later than five (5) business days after the Opt-Out Date. If this Settlement Agreement is approved, any and all persons within the Class who have not submitted a timely, valid and proper written request for exclusion from the Settlement, will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Lawsuit.

(c) **Objections to Settlement** The "Objection to Settlement Date" will be 73 (seventy-three) days from the entry of the Preliminary Approval Order. Any Class Member who has not filed a timely, valid and proper written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the Settlement, or to any award of attorneys' fees and costs, must serve upon Class Counsel and counsel for Defendant by mail, e-mail, hand or by facsimile transmission and file with the Court no later than 75 (seventy-five) days after the entry of the Preliminary Approval Order or as the Court may otherwise direct, a written statement, signed by him or her, or his or her duly authorized agent, including the Class Member's name and address and setting forth his or her objection(s), as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention and a description of any evidence the Class Member wishes to introduce in support of the objection(s). Class Members may so object either on their own or through an attorney hired at their own expense who files an appearance on their behalf.

## 15. Administration of the Settlement.

Defendant shall administrate or cause to be administrated the Settlement at its expense separate from the Class Settlement Fund, Cy Pres to the Chicago Greater Food Depository, Plaintiff's award, Plaintiff's counsel' attorney's fees and costs, and Joe Kean Tang Rincon's amount provided for in Paragraph

10(a), (c)-(f). Defendant shall provide Plaintiff's counsel the name, address and telephone number of the administrator and Plaintiff's counsel shall have equal access to the administrator including periodic updates on the claims process including a list of all names of class members who make claims.

16. **Cooperation.** (a) Plaintiff and Defendant and their respective attorneys, insurers and agents agree to cooperate fully with one another and to use their best efforts to effect the consummation of this Settlement Agreement, and the Settlement, under the terms specified in this Settlement Agreement. In the event there is an impasse or unresolved disagreement between the Parties involving the consummation of this Settlement Agreement, the Parties agree, prior to preparing and presenting any motion to the Court, to jointly telephone the Court's chambers to seek a resolution of the impasse or disagreement with the Court's assistance. Failing that, the impasse or dispute shall be formally submitted to the Court for resolution. (b) In the event of any objections to the Settlement Agreement are filed, Plaintiff and Defendant and their respective attorneys shall jointly oppose any and all objections and shall file a joint memorandum in opposition to those objections.

17. **Preliminary Approval.** As soon as practicable after execution of this Settlement Agreement, the Parties shall make application to the Court for an order ("Preliminary Approval Order") which:

(a) Preliminarily approves this Settlement Agreement;

(b) Schedules a hearing for final approval of this Settlement Agreement by the Court;
(c) Approves the form of notice to the class; and

(d) Finds that methods of class notice specified in Section 12 are the only forms of notice required and that such notice satisfies the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure.

The Parties agree to request that the forms of notice attached hereto as **Exhibits 1-3** be approved, that the parties submit an agreed upon Joint Motion for Preliminary Approval, and to propose the form of Preliminary Approval Order attached hereto as **Exhibit 4**.

18. **Final Approval.** At the conclusion of, or as soon as practicable after, the close of the hearing on the fairness, reasonableness and adequacy of this Settlement Agreement, Class Counsel and counsel for Defendant shall request that the Court enter a final order ("Final Approval Order"):

(a) approving the terms of this Settlement Agreement as fair, reasonable and adequate;

(b) providing for the implementation of those terms and provisions;

(c) finding that the notice given to the class satisfies Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process;

and (d) dismissing the Lawsuit without prejudice and without taxation of costs or attorney's fees (except as otherwise provided herein) to be converted to a dismissal with prejudice and without costs one hundred twenty (120) days after the Effective Date.

The Parties also agree to submit the proposed Final Approval Order in the form of **Exhibit 5** to this Settlement Agreement. Plaintiff shall submit a Final Approval Memorandum in support of Final Approval of the Agreement and for the agreed award of Attorney's fees and costs in the amount of $16,500 (sixteen thousand five hundred dollars). Defendant shall not oppose this request.

19. **Notice of Objections.** Notice of objections to this Settlement Agreement shall be sent to:

Class Counsel:

Curtis C. Warner
WARNER LAW FIRM, LLC
155 N. Michigan Ave. Ste. 560
Chicago, Illinois 60601

**And**

Counsel for Defendant:

James C. Vlahakis
HINSHAW & CULBERTSON LLP
200 N. LaSalle, Ste. 300
Chicago, Illinois 60601

The persons and addresses designated in this paragraph may be changed by written notice to the other signatories hereto.

20. **Class Action Fairness Act.** In compliance with Class Action Fairness Act, Defendant shall within 10 (ten) days after the entry of the Preliminary Approval Order provide notice to federal and state officials in Illinois as required under the Act and as may be approved by the Court based on the information reasonably available at the time of the notice. A copy of each such notice shall be filed with the Court by Defendant via the Court's ECF system.

21. **Termination Of The Settlement Agreement.** If the Court does not approve this Settlement and the terms of this Settlement Agreement as set forth herein, or if the Settlement and Settlement Agreement do not receive final approval after review by any court of competent jurisdiction for any reason, or is otherwise terminated in accordance with its terms, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if this Settlement Agreement had never been made. Accordingly, upon any such termination for any reason, the Parties will be deemed to

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

have preserved all their substantive or procedural rights or defenses with respect to the Lawsuits as of the date of execution of this Settlement Agreement.

22. **Continuing Jurisdiction.** The United States District Court for the Northern District of Illinois, Eastern Division, will have continuing jurisdiction over the Lawsuit for the purpose of implementing the Settlement and the terms of this Settlement Agreement until the Lawsuit and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and the Final Approval Order. The Court will be the exclusive venue to resolve any dispute regarding the Parties' obligations pursuant to this Settlement Agreement and/or interpretation of the terms of this Settlement Agreement or the Final Approval Order.

23. **Miscellaneous.**

(a) With the exception of the stipulation entered into by and between Plaintiff and Defendant before Magistrate Judge Nolan on November 3, 2011: (i) this is an integrated Settlement Agreement that supersedes all prior representations and agreements, if any, between the Parties, any Class Member and their legal counsel; (ii) the Parties represent that they have not relied on any statements, oral or written, in making their decisions to enter into this Settlement Agreement that are not set forth in this Settlement Agreement; and (iii) this Settlement Agreement may not be altered, amended or extinguished except by a writing that expressly refers to this Settlement Agreement and is signed subsequent to the execution of this Settlement Agreement by the Parties.

(b) The Parties agree that any rule of interpretation to the effect that ambiguities are to be resolved against the drafting party shall not apply to the interpretation of this Settlement Agreement. The Parties acknowledge that they are all represented by counsel and had input into the drafting of this Settlement Agreement.

(c) This Settlement Agreement shall be governed and interpreted by the law of the State of Illinois without regard to its choice of law rules.

(d) This Settlement Agreement may be executed in counterparts, each of which shall be deemed to be an original, and such counterparts together shall constitute one and the same instrument. Signatures transmitted via facsimile or e-mail are acceptable for the execution of this Settlement Agreement.

(e) The Parties further represent, warrant, and agree that, in executing this Settlement Agreement, they do so with full knowledge of any and all rights which they may have with respect to the claims released in this Settlement Agreement and that they have received independent legal advice from their attorneys with regard to the facts involved and the controversy herein compromised and with regard to their rights arising out of such facts.

(f) This Settlement Agreement shall be binding upon and shall inure to the benefit of the Parties hereto, and to their respective agents, principals, employees, representatives, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries,

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

heirs, assigns, and successors in interest.

(g) Each of the individuals executing this Settlement Agreement warrants that he or she has authority to enter into the Settlement Agreement and legally bind the party for which he or she is signing.

(h) The Court in which the Lawsuit is pending will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be executed on the date set forth underneath their respective signatures.

Plaintiff and for the Class Members:


_____
LOIDY TANG                              Date: _____

For Himself:


_____
JOE KEAN TANG RINCON                    Date: _____


WARNER LAW FIRM, LLC

_____
By: Curtis C. Warner, *Counsel for Plaintiff & the Class*
Approved as to form

Date: _____


PITA INN, INC.

By: _____

Title: _____

Date: _____


HINSHAW & CULBERTSON, LLP

_____
By: James C. Vlahakis, *Counsel for Defendant*

*Tang v. Pita Inn, Inc.*
**Settlement Agreement**

Approved as to form

Date: _____

# EXHIBIT 1

## SUMMARY NOTICE OF CLASS ACTION SETTLEMENT
### *Tang v. Pita Inn, Inc.*, 11 C 3833 (N.D. Ill.)

**If you received an electronically printed receipt from Pita Inn from February 1, 2011 through June 13, 2011 that displayed the expiration date of your credit or debit card number, then you can receive up to $40 by submitting a claim form. Claim forms are available upon request at all of Pita Inn's locations.**

### PLEASE READ THIS NOTICE. IT DESCRIBES YOUR RIGHTS WITH RESPECT TO THE SETTLEMENT OF A LAWSUIT.

Plaintiff Loidy Tang filed a class action lawsuit against Pita Inn, Inc. claiming that it violated the Fair Credit Reporting Act by issuing electronically printed receipts that displayed the person's credit or debit card's expiration date. The full notice of the class action is available upon request at all of Pita Inn's locations.

If you are a class member, you can: (1) participate in the settlement by submitting a claim form; (2) exclude yourself from the settlement; (3) object to the settlement; or (4) enter an appearance in the lawsuit, either by yourself or through an attorney. To exercise any of these rights you must take immediate action.

**For detailed information of the Settlement Agreement go to the website www.pita-inn.com or call Warner Law Firm, LLC at (312) 238-9820. All claims, opt-outs, exclusions and objections must be postmarked no later than _____, 2012.**

If you do nothing, you cannot participate in the settlement or sue Pita Inn, Inc.

A hearing of the fairness of the settlement is set for _____ , 2012 at _____ a.m./p.m. at the Everett McKinley Dirksen United States Courthouse located at 219 S. Dearborn St., Court Room 1858 You may attend the hearing in person but do not have to in order to participate in the settlement.

# EXHIBIT 2

## CLASS SETTLEMENT CLAIM FORM
### *Tang v. Pita Inn, Inc.*, 11 C 3833 (N.D. Ill.)

Please legibly print the following:          **READ BEFORE SUBMITTING**

NAME: _____

ADDRESS: _____

CITY: _____

STATE: _____

ZIP CODE: _____

By signing and submitting this claim form, I am affirming under penalty of perjury, that I am a class member in this case, that I am entitled to make a claim and that I have submitted no more than one claim in this case.

Your Signature: _____

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

### TO SUBMIT A CLAIM YOU NEED <u>ONE</u> OF THE FOLLOWING TWO DOCUMENTS

Please Check The Applicable Box and Include <u>EITHER:</u>

**[ ]** I am inclosing copies on my receipts printed from February 1, 2011 to June 13, 2011.

**- OR -**

**[ ]** I am inclosing copies of my credit or debit card billing statements showing a purchase at Pita Inn between February 1, 2011 to June 13, 2011.

– – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – – –

### THIS CLAIM FORM MUST BE POST-MARKED NO LATER THAN
### _____, 2012 AND MAILED TO:

**First Class, Inc.**
**5410 West Roosevelt Road**
**Chicago, IL 60644**

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OIDY TANG, | ) | |
| Individually and on behalf of a class, Plaintiff, | ) | |
| | ) | 11 C 3833 |
| v. | ) | |
| | ) | Magistrate Judge Nolan |
| PITA INN, INC., d/b/a PITA INN, Defendant. | ) | |

**TO: All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.**

*A Federal court authorized this notice. This is not a solicitation from a lawyer.*

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **SUBMIT THE ATTACHED CLAIM FORM BELOW** | Submit the claim form below and you will be entitled to a share of the class settlement fund **up to $40** and if the amount of claims exceeds the class settlement fund, you are entitled to *pro rata* share of the class settlement fund which will cause the amounts to vary depending on how many claims are received. |
| **DO NOTHING BUT STAY IN THE SETTLEMENT** | By doing nothing, you will remain in the settlement class and you will not be entitled to receive anything. |
| **EXCLUDE YOURSELF** | You will receive no benefits, but you will not be giving up your legal claims against the defendant. |
| **OBJECT** | Write to the Court about why you don't like the settlement. You may also appear at the fairness hearing. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |

**These rights and options and the deadlines to exercise them are explained below.**

| 1. Why is this notice being made? |
|---|

Defendant has agreed to settle this lawsuit on a class basis. Pursuant to the Court's order preliminary approving of the parties' class settlement agreement you are receiving notice of the settlement, which contains an explanation of your rights under the terms of the settlement, and information on how to submit a claim for a share of the settlement.

| 2. What is this lawsuit about? |
|---|

Plaintiff filed the above Lawsuit, as amended, on behalf of himself and a Class in the United States District Court for the Northern District of Illinois, Eastern Division (the "Lawsuit"), against Defendant alleging willful violations of the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"). Specifically, Plaintiff claims that Defendant willfully violated 15 U.S.C. 1681c(g) in that Plaintiff received from Defendant a printed electronically-generated receipt at the point of sales or transaction which displayed Plaintiff's credit card's expiration date. Plaintiff sought to recover for herself and for each person who was provided a printed non-FACTA compliant receipt from February 1, 2011 through June 13, 2011, at any of Defendant's places of business statutory damages in an amount of $100 to $1,000 per willful violation. Plaintiff did not seek any actual damages for himself or for the Class. Defendant denies that it willfully violated the FACTA, and it denies that Plaintiff and the Class Members are entitled to any damages. Defendant denies that a class should be certified under the Federal Rules of Civil Procedure.

| 3. Why is this a class action? |
|---|

In a class action a person called the Class Representative (in this case, Loidy Tang) sued on behalf of a group (or a "Class") of people who have similar claims.

| 4. Why is there a settlement? |
|---|

In order to avoid the cost, risk, delay of litigation, and uncertainty of trial, the parties agreed to a settlement.

| 5. How do I know if I am a part of the settlement? |
|---|

The Court decided that everyone falling under the following definition was a Class Member. You have been identified as a member of the following Class:

All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

### 6. What can I get from the settlement?

Under the settlement agreement, class members may make a claim from the cash settlement fund of $40,000. The settlement amount to the clas will be subject to a *pro-rata* distribution.  No class member shall receive more than $40.

### 7. When will I receive these benefits?

You will receive these benefits approximately 60 days after the settlement has been finally approved by the Court.  This 60 day estimation i based on the premise that no appeals to the approval of the settlement are made.

### 8. I want to be a part of the settlement and receive these benefits.  What do I do?

To receive the benefits of the class settlement you need to complete the claim form at the bottom of this notice and return it.  If you do nothin you will remain a member of the Class but you will not get any of the benefits of the settlement fund.

### 9. What am I giving up to receive these benefits?

By staying in the class, all of the Court's orders will apply to you, and you give Defendant, its associated businesses, its insurance company an s owners a "release."  A release means you can't sue or be part of any other lawsuit against Defendant about the Fair Credit Reporting Ac laims raised in these lawsuits.  This includes suing the Defendant for any actual damages that you believe you incurred that arise out of th laims raised in the lawsuit.

### 10. How much will the Class Representative receive?

The defendant has agreed to pay $2,500.00 (two thousand five dollars) to Plaintiff for this statutory damages related and as an incentive for bein he class representatives for his time participating in this lawsuit.  This amount is subject to the Court's Approval.

### 11. How much is the Cy Pres Award?

As apart of this agreement defendant has agreed to pay $5,000.00 (five thousand dollars) as a *cy pres* award to the Greater Chicago Foo epository.

### 11. How do I get out of the settlement?

If you don't want to receive the benefits of the settlement, but you want to keep your legal claims against the defendant, then you must take step o get out.  This is called excluding yourself.To exclude yourself from the settlement, you must send a letter by mail stating that you want to b xcluded from *Tang v. Pita Inn., Inc*., 11-cv-3833 (N.D. Ill.) Be sure to include your name, address, telephone number, and your signature.  Yo ust mail your exclusion request so that it is postmarked **no later than _____, 2012,** and sent to the following address:

Clerk of the Court
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn St., 20th Floor
Chicago, Illinois 60604

You must also send a copy of your request for exclusion to:

| Class Counsel: | Defendant's Counsel: |
|---|---|
| Curtis C. Warner | James C. Vlahakis |
| WARNER LAW FIRM, LLC | HINSHAW & CULBERTSON LLP |
| 55 N. Michigan Ave. Ste. 560 | 222 N. LaSalle, Ste. 300 |
| Chicago, Illinois 60601 | Chicago, IL 60601 |

Be sure to include the name and number of the case.

### 12. If I exclude myself, do I still receive benefits from this settlement?

No, you will not receive anything resulting from the settlement of this case, but you may have the right to sue the defendant over the claims raise n this case, on your own.

### 13. Do I have a lawyer in this case?

The Court has named Warner Law Firm, LLC as Class Counsel.  You will not be charged by the firm. The firm will petition the Court fo ttorneys' fees from the settlement fund after the payment of monies to Plaintiff and payment of the costs of notice and administration.
f you want to be represented by your own lawyer, you may hire one at your own expense.  If you choose to hire your own lawyer, he or she mus le an appearance by _____, 2012.

### 14. How will the lawyers be paid?

Class Counsel will ask the Court as attorney's fees and expenses $16,500.  The amount of attorney's fees and costs are subject to court approval

### 15. Is this a fair settlement?

This settlement amount and structure was reached after a settlement conference before the Magistrate Judge.  Class Counsel believes that this ettlement is fair and reasonable as approximately $40 has been made available for each class member.  Defendant is not admitting that it has

one anything wrong, Defendant denies the claims in this lawsuit. While Plaintiff and Defendant disagree on several issues, including liability, and class certification. Given Defendant's representations as to the cause of the receipts becoming non-FACTA compliant and the risks of litigation moving forward, Class Counsel believes that the structure of the settlement is fair and reasonable to end this litigation at this juncture before the expenditure of additional attorneys fees and costs.

| 17. How do I tell the Court that I don't like the Settlement? |
| :-- |

If you are a Class Member, you can object to the settlement. In order to object to the settlement or any part of the settlement, you must send a letter (or legal brief) stating that you object and the reasons why you think the Court should not approve the settlement. You must include the name and number of the case: *Tang v. Pita Inn., Inc.*, 11-cv-3833 (N.D. Ill.) your name, address, telephone number and your signature. If you are objecting to the settlement, you may also appear at the fairness hearing (explained below in answer to question no. 18).

You must mail your objection so that it is postmarked no later than _____, **2012** to:

Clerk of the Court
United States District Court for the Northern District of Illinois
Everett McKinley Dirksen
United States Courthouse
219 South Dearborn St., 20th Floor
Chicago, Illinois 60604

You must also send a copy of your objection to:

| Class Counsel: | Defendant's Counsel: |
| :-- | :-- |
| Curtis C. Warner | James C. Vlahakis |
| WARNER LAW FIRM, LLC | HINSHAW & CULBERTSON LLP |
| 155 N. Michigan Ave. Ste. 560 | 222 N. LaSalle, Ste. 300 |
| Chicago, Illinois 60601 | Chicago, IL 60601 |

Be sure to include the name and number of the case.

| 18. Where and when is the fairness hearing? |
| :-- |

The Court will hold a hearing to decide whether to approve the settlement. You may attend if you wish, but you are not required to do so. The Court will hold a fairness hearing on _____, **2011 at 9:30 a.m.** in the courtroom of the Honorable Nan R. Nolan, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Court Room 1858, Chicago, IL 60604. The purpose of the hearing will be for the Court to determine whether the proposed settlement is fair, reasonable and adequate and in the best interests of the class and to determine the appropriate amount of compensation for the Class Counsel. At that hearing the Court will be available to hear any objections and arguments concerning the fairness of the proposed settlement.

The hearing may be postponed to a later date without notice.

**YOU ARE NOT REQUIRED TO ATTEND THIS HEARING.**

| 19. How do I get more information? |
| :-- |

You can call Curtis C. Warner, Warner Law Firm, LLC, the attorney and law firm representing the class, at **(**312) 238-9820, if you have any questions. You can also send an email to: cwarner@warnerlawllc.com.

**DO NOT CONTACT THE COURT REGARDING THIS NOTICE.**

# THE CLAIM FORM IS ON THE NEXT PAGE

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, | ) | |
| individually and on behalf of a class, | ) | |
| | ) | 11 C 3833 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) | |
| | ) | |
| PITA INN, INC., d/b/a PITA INN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND
SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on the Parties' Joint Motion for Preliminary
Approval of Class Settlement Agreement ("Agreement") and Notice to the Class between
Plaintiff Loidy Tang ("Plaintiff") and Pita Inn, Inc., ("Defendant") collectively (the
"Parties").

**The Court finds as follows:**

I.      That this settlement was reached by the Parties through arm's length
negotiations before the Court at a settlement conference on November 3, 2011. Given
that Defendant owns and operates only three store locations in the greater Chicago area,
the Court finds that the cash class settlement fund established by this settlement
agreement of $40,000 in cash, the manner of the distribution of that class settlement fund,
the amount of Plaintiff's award, $2,500, and the amount of attorney's fees of costs in the
amount of $16,500 to be sought are reasonable. The Court further finds that the
requirement that Defendant pay for the costs of notice, costs of administration and will
pay $5,000 as a cy pres award to the Greater Chicago Food Depository is reasonable.

II.     That the Parties have presented this Court a plan to provide notice to the Class Members of the terms of the Settlement and the various options those Class Members have, including the right for the Class Members to exclude themselves by opting out, filing an objection, or submitting one of two valid claim forms.  The proposed, publication two times in the Red Eye, a publication that that serves Defendant's market area, notice at all customer tables and point of sales terminals in each of Defendant's locations is the best practicable notice under the circumstances as the parties do not have the names and addresses of all of the class members.  The Court finds that the notice plan above is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class, for settlement purposes only, defined as:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

2.     The Court appoints Warner Law Firm, LLC, as class counsel ("Class Counsel").

3.     The Court appoints Loidy Tang as the Class Representative.

4.     Within fourteen (14) days from the entry of this Order Defendant shall, pursuant to the terms of the Settlement Agreement, enter into a contract with the Red Eye for the payment of the cost associated with the Class Notice as approved by the Court

herein and pay for the cost of administration of the Settlement Agreement.

5. Within ten (10) days of the entry of this Order Defendant shall file with the Court proof of compliance with the notice requirements, of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. The Court approves the notices and enters the schedule as follows:

a. Notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published within twenty-eight (28) days from the entry of this Order as an one-eighth (1/8) page advertisement two times in the Red Eye, a Tribune Company Publication;

b. Within twenty-eight (28) days from the entry of this Order, Defendant shall post substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement at each customer's table and at each point of sales terminals at all of Defendant's locations. The notice shall remain posted up to and including seventy-three days from the entry of this Order;

c. Within twenty-eight (28) days after the entry of this Order, notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published on Defendant's website at www.pita-inn.com. The notice shall remain posted up to and including seventy-three days from the entry of this Order.

d. Within twenty-eight (28) days after the entry of this Order, the Full Class Notice, Exhibit 3, of the Parties' settlement Agreement shall be made available upon request at all of Defendant's locations and from the class administrator. The notices shall remain available up to and including seventy-three days from the entry of this Order; and

e. Within twenty-eight (28) days after the entry of this Order, the Claim Form, <u>Exhibit 2</u>, of the Parties' settlement Agreement shall be made available upon request at all of Defendant's locations and from the class administrator  The Claim Form shall remain available up to and including seventy-three days from the entry of this Order.

8. Within seventy-three (73) days from the entry of this Order class members must submit a claim form to the class administrator or defense counsel via U.S. Mail, or can return it in person to any of Defendant's store locations

9. Within seventy-three (73) days from the entry of this Order, any Class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court and serve copies of the request upon Class Counsel and counsel for Defendant.

11. Within seventy-three (73) days from the entry of this Order any Class members who wish to object to the settlement must submit the objection to the Clerk of the Court.  Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class and include any documentation that supports their objections.  Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

12. Any party or the parties jointly may file a memoranda in support of the Agreement prior to the fairness hearing.  Any submission must be filed no later than 7 (seven) days prior to the final approval hearing.

13. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held before this Court on _____, 2012 at _____ a.m./p.m.

DATE: _____          ENTERED: _____

Honorable Nan R. Nolan
United States District Court Judge

# EXHIBIT 5

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LOIDY TANG, | ) | |
| individually and on behalf  of a class, | ) | |
| | ) | 11 C 3833 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) | |
| | ) | |
| PITA INN, INC., d/b/a PITA INN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court on the whether the Class Settlement Agreement ("Agreement") between Plaintiff Loidy Tang ("Plaintiff") and Pita Inn, Inc., ("Defendant") collectively (the "Parties") should be finally approved.  The Court has carefully reviewed the Motion for Final Approval of Class Action Settlement, Docket No. [_____], and the entire court file and is otherwise fully advised in the premises.  Final approval of the Class Action Settlement is unopposed by Defendant.

By an Order of Preliminary Approval Docket No. [_____], entered [_____], 2011, the Court preliminarily approved the proposed Settlement Agreement by the Parties, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and appointed Plaintiffs as representative of the following class:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

The Court also ordered that, within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, the Notice of Proposed Settlement and the right to opt out was to be made by publication by: (1) as an one-eighth (1/8) page advertisement two times in the Red Eye, a Tribune Publication; (2) an positing of notice at each customer's table and each point of sales terminal at all of Defendant's locations; and (3) publishing notice on Defendant's website www.pita-inn.com.  Copies of the full notice and claim forms were made available at all of Defendant's store locations.

The Court having held a hearing on the fairness of the Settlement Agreement after due notice and the opportunity for any objections to the Settlement Agreement to be heard and the Court fully advised in the premises, the Court finds as follows:

I.      This Court has preliminarily approved a class and affirms its decision of approving the settlement class defined as:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

II.     In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process.  The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members.  The Court finds that Notice of the Settlement has been timely published in accordance with the terms of the Court's Preliminary Approval Order, and that the Notice was properly posted.

III.    _____ Class Members have submitted a notice of opting-out.

IV.     _____ Class Members have filed objections to the Settlement Agreement.

V.      The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1.      The Settlement Agreement between the Defendant and Plaintiffs, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2.      On the "Effective Date" the releases contained in the Agreement shall take effect. The releases are as follows:

**(a).    Plaintiff and Joe Kean Tang Rincon.** In accordance with the provisions of the Final Approval Order defined in Section 17 below, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date, Plaintiff and Joe Kean Tang Rincon shall be deemed to have, and by operation of the Final Approval Order defined in Section 18 below shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiff named in paragraph 1 hereinabove and their associated businesses, including their insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing the cardholder's account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction between February 1, 2011 to June 13, 2011 (collectively, "Released Claims").

**(b)    Class Members.** Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims

for the payment of attorney's fees and costs relating to the publication of cardholder account information on a receipt provided to the cardholder at the point of sale or transaction between February 1, 2011 to June 13, 2011, that could have been asserted in the Lawsuit under the facts alleged in the Lawsuit.

3. The Defendant shall cause the Settlement Checks to be issued to each Participating Class Member with 14 days of the "Effective Date" set forth in the Settlement Agreement.

4. The Court hereby awards Class Counsel a total of sixteen thousand five hundred fifty dollars ($16,500) to Warner Law Firm, LLC as its reasonable attorney's fees and costs. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

5. The Court hereby awards Plaintiff Loidy Tang two thousand five hundred dollar ($2,500) for her damages arising and as an incentive award for their participation in this litigation. Defendant shall also pay Joe Kean Tang Rincon, a person who was not named in the lawsuit but who received a non-FACTA compliant receipt, five hundred dollars ($500). The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

6. All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

7. Any monies not claimed by the settlement class or checks that are not cashed within forty-five (45) days shall revert back to Defendant.

8. Defendant shall pay as a cy pres award five thousand dollars ($5,000) to the Greater Chicago Food Depository. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

10. Defendant shall file with the Court notice that the cy pres payment was made.

11.     This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the Settlement Agreement, the terms of the Agreement, and this Order, for a period of one hundred fifty (120) days after the "Effective Date".  This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement.  This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

12.     This Lawsuit is hereby dismissed without prejudice and without costs or attorney's fees (except as otherwise provided herein) and that on a date that is one hundred twenty (120) days after the "Effective Date" this dismissal shall become a dismissal with prejudice and without costs or attorney's fees (except as otherwise provided herein).

DATE: _____          ENTERED: _____

                                                        Honorable Nan R. Nolan
                                                        United States District Court Judge