IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | |
| Plaintiff, | ) ) | 11 C 3833 |
| v. | ) ) ) | Magistrate Judge Nolan |
| PITA INN, INC., d/b/a PITA INN, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, DIRECTING THE DISSEMINATION OF NOTICE AND SCHEDULING A FINAL SETTLEMENT HEARING**

This matter coming before the Court on the Parties' Joint Motion for Preliminary Approval of Class Settlement Agreement ("Agreement") and Notice to the Class between Plaintiff Loidy Tang ("Plaintiff") and Pita Inn, Inc., ("Defendant") collectively (the "Parties").

**The Court finds as follows:**

I. That this settlement was reached by the Parties through arm's length negotiations before the Court at a settlement conference on November 3, 2011. Given that Defendant owns and operates only three store locations in the greater Chicago area, the Court finds that the cash class settlement fund established by this settlement agreement of $40,000 in cash, the manner of the distribution of that class settlement fund, the amount of Plaintiff's award, $2,500, and the amount of attorney's fees of costs in the amount of $16,500 to be sought are reasonable. The Court further finds that the requirement that Defendant pay for the costs of notice, costs of administration and will pay $5,000 as a cy pres award to the Greater Chicago Food Depository is reasonable.

II.     That the Parties have presented this Court a plan to provide notice to the Class Members of the terms of the Settlement and the various options those Class Members have, including the right for the Class Members to exclude themselves by opting out, filing an objection, or submitting one of two valid claim forms. The proposed, publication two times in the Red Eye, a publication that that serves Defendant's market area, notice at all customer tables and point of sales terminals in each of Defendant's locations is the best practicable notice under the circumstances as the parties do not have the names and addresses of all of the class members. The Court finds that the notice plan above is consistent with Federal Rule of Civil Procedure 23(c)(2)(B).

The Court finds that the proposed settlement is within the range of fairness and reasonableness and therefore meets the requirements for preliminary approval.

Good cause appearing and therefore, **IT IS HEREBY ORDERED**:

1.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court conditionally certifies the following Class, for settlement purposes only, defined as:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

2.      The Court appoints Warner Law Firm, LLC, as class counsel ("Class Counsel").

3.      The Court appoints Loidy Tang as the Class Representative.

4.      Within fourteen (14) days from the entry of this Order Defendant shall, pursuant to the terms of the Settlement Agreement, enter into a contract with the Red Eye for the payment of the cost associated with the Class Notice as approved by the Court

herein and pay for the cost of administration of the Settlement Agreement.

5. Within ten (10) days of the entry of this Order Defendant shall file with the Court proof of compliance with the notice requirements, of the Class Action Fairness Act of 2005, 28 U.S.C. §1715(b).

6. The Court approves the notices and enters the schedule as follows:

a. Notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published within twenty-eight (28) days from the entry of this Order as an one-eighth (1/8) page advertisement two times in the Red Eye, a Tribune Company Publication;

b. Within twenty-eight (28) days from the entry of this Order, Defendant shall post substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement at each customer's table and at each point of sales terminals at all of Defendant's locations. The notice shall remain posted up to and including seventy-three days from the entry of this Order;

c. Within twenty-eight (28) days after the entry of this Order, notice substantially in the form of Exhibit 1 attached to the Parties' Settlement Agreement shall be published on Defendant's website at www.pita-inn.com. The notice shall remain posted up to and including seventy-three days from the entry of this Order.

d. Within twenty-eight (28) days after the entry of this Order, the Full Class Notice, Exhibit 3, of the Parties' settlement Agreement shall be made available upon request at all of Defendant's locations and from the class administrator. The notices shall remain available up to and including seventy-three days from the entry of this Order; and

e. Within twenty-eight (28) days after the entry of this Order, the Claim Form, Exhibit 2, of the Parties' settlement Agreement shall be made available upon request at all of Defendant's locations and from the class administrator  The Claim Form shall remain available up to and including seventy-three days from the entry of this Order.

8. Within seventy-three (73) days from the entry of this Order class members must submit a claim form to the class administrator or defense counsel via U.S. Mail, or can return it in person to any of Defendant's store locations

9. Within seventy-three (73) days from the entry of this Order, any Class members who desire to exclude themselves from the action must file a request for exclusion with the Clerk of the Court and serve copies of the request upon Class Counsel and counsel for Defendant.

11. Within seventy-three (73) days from the entry of this Order any Class members who wish to object to the settlement must submit the objection to the Clerk of the Court. Any objection must include the name and number of the case and a statement of the reasons why the objector believes that the Court should find that the proposed settlement is not in the best interests of the Class and include any documentation that supports their objections. Objectors, who have filed written objections to the settlement, may also appear at the hearing and be heard on the fairness of the settlement.

12. Any party or the parties jointly may file a memoranda in support of the Agreement prior to the fairness hearing. Any submission must be filed no later than 7 (seven) days prior to the final approval hearing.

13. A hearing on the fairness and reasonableness of the Agreement and whether final approval shall be given to it and the requests for fees and expenses by Class Counsel will be held before this Court on **MAY 2**, 2012 at **10** a.m./p.m.

DATE: 12/15/11            ENTERED: *Nan R. Nolan*
                          Honorable Nan R. Nolan
                          United States District Court Judge