IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOIDY TANG, individually and on behalf of a class, | ) ) ) | 11 C 3833 |
| Plaintiff, | ) ) | |
| | ) | Magistrate Judge Nolan |
| v. | ) ) | |
| PITA INN, INC., d/b/a PITA INN, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

THE MATTER coming before the Court on the whether the Class Settlement Agreement ("Agreement") between Plaintiff Loidy Tang ("Plaintiff") and Pita Inn, Inc., ("Defendant") collectively (the "Parties") should be finally approved. The Court has carefully reviewed the Memorandum for Final Approval of Class Action Settlement, Docket No. 59, and the entire court file and is otherwise fully advised in the premises. Final approval of the Class Action Settlement is unopposed by Defendant.

By an Order of Preliminary Approval Docket No. 56, entered December 15, 2011, the Court preliminarily approved the proposed Settlement Agreement by the Parties, subject to further consideration at the Final Settlement and Fairness Hearing.

In its Order of Preliminary Approval, the Court conditionally certified the case to proceed as a class action for settlement purposes only and appointed Plaintiffs as representative of the following class:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

The Court also ordered that, within twenty-eight (28) days after the date on which the Preliminary Approval Order is entered by the Court, the Notice of Proposed Settlement and the right to opt out was to be made by publication by: (1) as an one-eighth (1/8) page advertisement two times in the Red Eye, a Tribune Publication; (2) an positing of notice at each customer's table and each point of sales terminal at all of Defendant's locations; and (3) publishing notice on Defendant's website www.pita-inn.com. Defendant complied with these requirements.

The Court having held a hearing on the fairness of the Settlement Agreement after due notice and the opportunity for any objections to the Settlement Agreement to be heard and the Court fully advised in the premises, the Court finds as follows:

I.    This Court has preliminarily approved a class and affirms its decision of approving the settlement class defined as:

> All persons who used either a credit card or debit card at any of Defendant's places of business, where Defendant provided that person an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit card or debit card, for a time period beginning on February 1, 2011 to June 13, 2011.

II.    In the preliminary approval order, the Court approved of the Notice and found that the proposed form and content of the Notice of Proposed Settlement and Right to Opt Out satisfied the requirements of Due Process. The Court reaffirms its finding and holds that the best practicable notice was given to the Class Members. The Court finds that Notice of the Settlement has been timely published in accordance with the terms of the Court's Preliminary Approval Order, and that the Notice was properly posted.

III.    <u>0 (Zero)</u> Class Members have submitted a notice of opting-out.

IV.    <u>0 (Zero)</u> Class Members have filed objections to the Settlement Agreement.

V. The issues as to liability and remedies in this litigation are substantial grounds of difference of opinion, and that the settlement of this litigation constitutes a final resolution of those issues in a manner that is fair, reasonable and adequate to the Members of the Class.

**IT IS HEREBY ORDERED:**

1. The Settlement Agreement between the Defendant and Plaintiffs, individually and on behalf of the Class Members defined in the settlement class, is approved as it meets the requirements set forth in Federal Rule of Civil Procedure 23(e) as being fair, reasonable and adequate.

2. On the "Effective Date"[1] the releases contained in the Agreement shall take effect. The releases are as follows:

   (a). **Plaintiff and Joe Kean Tang Rincon.** In accordance with the provisions of the Final Approval Order defined in Section 17 below, for good and sufficient consideration, the receipt of which is hereby acknowledged, upon the Effective Date, Plaintiff and Joe Kean Tang Rincon shall be deemed to have, and by operation of the Final Approval Order defined in Section 18 below shall have, fully, finally and forever released, relinquished and discharged any and all claims, including unknown claims, demands, rights, liabilities and causes of action of every nature and description whatsoever including, without limitation, statutory, constitutional, contractual, equitable or common law claims, whether known or unknown, whether or not concealed or hidden, against Defendant, the parties other than the Plaintiff named in paragraph 1 hereinabove and their associated businesses, including their insureds, agents, principals, partners and joint ventures, and each of their employees, representatives, attorneys, trustees, officers, directors, shareholders, divisions, parent corporations, subsidiaries, affiliates, heirs, assigns, and predecessor and successors in interest, (collectively "Released Parties") that accrued at any time on or prior to the date the Court grants preliminary approval of the Settlement for any type of relief, including, without limitation, damages, unpaid costs, penalties, liquidated damages, statutory damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims in any way relating to the publication of cardholder account information on a receipt, including but not limited to printing the cardholder's account number and/or the expiration date upon a receipt provided to the cardholder at the point of sale or transaction

between February 1, 2011 to June 13, 2011 (collectively, "Released Claims").

**(b)** **Class Members**. Each member of the Settlement Class releases and discharges the Released Parties of all suits, liability, and claims including claims for the payment of attorney's fees and costs relating to the publication of cardholder account information on a receipt provided to the cardholder at the point of sale or transaction between February 1, 2011 to June 13, 2011, that could have been asserted in the Lawsuit under the facts alleged in the Lawsuit.

3. The Defendant shall cause the Settlement Checks to be issued to each Participating Class Member with 14 days of the "Effective Date" set forth in the Settlement Agreement.

4. The Court hereby awards Class Counsel a total of sixteen thousand five hundred fifty dollars ($16,500) to Warner Law Firm, LLC as its reasonable attorney's fees and costs. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

5. The Court hereby awards Plaintiff Loidy Tang two thousand five hundred dollar ($2,500) for her damages arising and as an incentive award for their participation in this litigation. Defendant shall also pay Joe Kean Tang Rincon, a person who was not named in the lawsuit but who received a non-FACTA compliant receipt, five hundred dollars ($500). The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

6. All checks issued to Class Members shall be void forty-five (45) days after the date of issuance.

7. Any monies not claimed by the settlement class or checks that are not cashed within forty-five (45) days shall revert back to Defendant.

8. Defendant shall pay as a cy pres award five thousand dollars ($5,000) to the Greater Chicago Food Depository. The Defendant shall cause the above payment to be issued within 14 days of the "Effective Date" set forth in the Settlement Agreement.

10. Defendant shall file with the Court notice that the cy pres payment was made.

11. This Court retains jurisdiction over this litigation for the purpose of implementing and enforcing the Settlement Agreement, the terms of the Agreement, and this Order, for a period of one hundred fifty (120) days after the "Effective Date". This Court retains exclusive jurisdiction over Defendant, Plaintiffs, and all Class Members with respect to the Releases and the Settlement Agreement, and are hereby deemed to have submitted irrevocably to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising our of or relating to the enforcement and applicability of this Order and the Agreement. This Court will be the exclusive venue to resolve any disputes regarding the Parties' obligations pursuant to the Settlement Agreement and any Court Order.

12. This Lawsuit is hereby dismissed without prejudice and without costs or attorney's fees (except as otherwise provided herein) and that on a date that is one hundred twenty (120) days after the "Effective Date" this dismissal shall become a dismissal with prejudice and without costs or attorney's fees (except as otherwise provided herein).

DATE: 5/2/2012                ENTERED: *Nan R Nolan*
                                                Honorable Nan R. Nolan
                                                United States District Court Judge